UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAKEITHA EDWARDS, on behalf of herself and all others similarly situated, ) ) ) | CASE NO.: 5:19-CV-00530 |
| Plaintiff, ) ) ) | JUDGE PAMELA A. BARKER |
| vs. ) ) ) | |
| SUN AMERICA LLC, ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendant. ) ) | |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Chastity L. Christy, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, the Agreement and its Exhibits, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of Individual Payments, the proposed Service Award to the Representative Plaintiff, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1.	The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of non-exempt manufacturing employees of Sun America LLC ("Sun America").

2.	On March 11, 2019, Representative Plaintiff Takeitha Edwards filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to pay its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  (Doc. No. 1.)  Specifically, Plaintiff alleged that Defendant only paid these employees for work performed between their scheduled start and stop times, and did not pay them for the following work performed before and after their scheduled start and stop times:  a) performing their manufacturing work; b) starting up the various machines they used to perform their manufacturing work; and/or c) meeting with employees on the previous shift and/or following shift.  (*Id.*)

3.	Between May and September 2019, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims.  This included the calculations of Plaintiff's, the Existing Opt-In Party Plaintiffs', and the Eligible Settlement Participants' alleged overtime damages.

4.	The Parties engaged in extensive legal discussion and correspondence, which included numerous and lengthy discussions and written communications.

5.	Between September 11, 2109 and September 16, 2019, the Parties engaged in extensive settlement negotiations.  On September 16, 2019, the Parties attended a full day of

mediation with mediator Stephen A. Watring and reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit A. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

6. The Settlement will cover Representative Plaintiff, the Existing Opt-In Party Plaintiffs, and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

7. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. To participate in the settlement, the Eligible Settlement Participants shall sign and return Consent and Release Forms to Class Counsel within thirty (30) days after the mailing of the notice. The Consent and Release Forms must be signed and postmarked, faxed or emailed to Class Counsel within the thirty (30) day period to be timely.

8. The Settlement Agreement provides that, in consideration of the Total Eligible Settlement Payment, the claims of the Representative Plaintiff, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be dismissed with prejudice.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants. The Court has considered all relevant

factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Court approves the Agreement and its Exhibits, including the proposed Notice and the proposed Consent Form, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff, Existing Opt-In Plaintiffs, and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

11. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Existing Opt-In Party Plaintiffs and employee identification numbers of the Eligible Settlement Participants, and the Individual Payments for the Class Members. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court approves the Class Representative Payment to Representative Plaintiff Takeitha Edwards in recognition of her service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. The Court dismisses the claims of the Representative Plaintiff, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants who sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

15. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**SO ORDERED:**

Date: 12/5/2019

*Pamela A. Barker*
Honorable Pamela A. Barker
United States District Judge

**SO STIPULATED:**

| | |
|---|---|
| /s/ Chastity L. Christy | /s/ Jonathan H. Krol |
| Chastity L. Christy (0076977) | Jonathan H. Krol (0088102) |
| Anthony J. Lazzaro (0077962) | Katie Lynn Zorc (0092714) |
| Lori M. Griffin (0085241) | REMINGER CO., L.P.A. |
| The Lazzaro Law Firm, LLC | 101 West Prospect Avenue, Suite 1400 |
| The Heritage Building, Suite 250 | Cleveland, Ohio 44115-1093 |
| 34555 Chagrin Boulevard | Phone: 216-687-1311 |
| Moreland Hills, Ohio 44022 | Facsimile: 216-687-1841 |
| Phone: 216-696-5000 | jkrol@reminger.com |
| Facsimile: 216-696-7005 | kzorc@reminger.com |
| chastity@lazzarolawfirm.com | |
| anthony@lazzarolawfirm.com | Attorneys for Defendant |
| lori@lazzarolawfirm.com | |

Class Counsel